Tagged Opinion

ORDERED in the Southern District of Florida on Nov 4, 2008



_____
John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

**ADVANTAGE ONE MORTGAGE CORPORATION**,

    Debtor.
_____/

**ADVANTAGE ONE MORTGAGE CORPORATION**,

    Plaintiff,

vs.

**SCP-CARPI MG OWNER, LLC**,

    Defendant.
_____/

Case No.: 08-15308-JKO

Chapter 11

Adv. Proc. No.: 08-01372-JKO

### ORDER GRANTING DEBTOR'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** came before the Court on Advantage One Mortgage Corporation's (the

"Plaintiff" or "Debtor") Motion for Summary Judgment and Memorandum of Law (the "Motion"). The one substantive issue here is whether the lien created by service of a writ of garnishment constitutes a "judicial lien" or a "statutory lien." This determination demands some exploration of both statutory language of the Bankruptcy Code and awkward junctures in state and federal case law. For the reasons set forth below, I conclude that a Florida garnishment lien is a "judicial lien" under the Bankruptcy Code which may be set aside by a debtor armed with a trustee's avoiding powers. Accordingly, the Debtor's Motion is granted.

## FACTS

### 1. Procedural History

On April 28, 2008, the Debtor filed a voluntary petition for bankruptcy relief under Chapter 11. *See* [DE 1] in the main bankruptcy case. On June 6, 2008, this Adversary Proceeding was brought, with the Plaintiff seeking to avoid as preferential a lien held by SCP-Capri Owner, LLC (the "Defendant"). *See* [DE 1]. On August 25, 2008, the Plaintiff brought this Motion. *See* [DE 7]. On September 12, 2008, the Defendant's Response to Plaintiff's Motion for Summary Judgment and Counter-Motion for Summary Judgment and Memorandum of Law (the "Counter-Motion" or "Defendant's Response") was filed. *See* [DE 14]. On September 29, 2008, the Plaintiff's Reply to Defendant's Response to Motion for Summary Judgment (the "Plaintiff's Reply") was filed. *See* [DE 18]. The following day, on September 30, 2008, the Plaintiff and Defendant entered a Joint Stipulation of Facts (the "Stipulation"). *See* [DE 19]. On October 1, 2008, this court heard oral arguments on the Motion.

### 2. Facts as Jointly Stipulated by the Parties

The Stipulation provides:

The Defendant, one of six landlords with breach of lease claims against the Debtor, obtained a Final Judgment against Debtor in the amount of $241,971.10 by default on April 2, 2008. Defendant subsequently garnished Advantage One's operating account, pursuant to a Writ of Garnishment issues by the Circuit Court on April 11, 2008, and served on SunTrust Bank on April 18, 2008. SunTrust Bank froze $484,042.20 upon receipt of the Writ of Garnishment, and filed an answer to that effect. On April 28, 2008, Advantage One filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The writ of garnishment was served on Debtor's bank within 90 days of the filing of this Chapter 11 proceeding. Pursuant to Order of the Honorable Judge Ray entered in this case, the amount of $245,000.00 is presently being held by SunTrust Bank pursuant to the Order pending further Order of this Court. Additional funds are being held in Debtor's counsel's trust account. Debtor is seeking the release of the garnished funds claiming the service of the writ of garnishment created a judicial lien subject to avoidance pursuant to 11 U.S.C. Section 547. Defendant claims the service of the writ of garnishment created a statutory lien which is not subject to avoidance.

[DE 19].

## DISCUSSION

### 1. Legal Standard for Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, incorporated into bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper if the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By its very terms the standard for summary judgment provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable [finder of fact] could return a verdict for the nonmoving party." *Id.* at 248. As the parties have entered the aforementioned Stipulation, this matter is ripe for adjudication as a matter of law.

### 2. Lien Status of a Writ of Garnishment

Prior to the enactment of amendments to the Florida garnishment statute, § 77.06 *Fla. Stat.* effective July 1, 2000, the service of a writ of garnishment did not create a lien under Florida law. Rather, a garnishment lien arose only upon entry of a final judgment in favor of the garnishor. *Continental National Bank of Miami v. Tavormina (In re Masvidal)*, 10 F.3d 761, 763 (11th Cir. 1993). The amendment to § 77.06 *Fla. Stat.* was expressly adopted by the Florida legislature to alter the result the Eleventh Circuit reached in *Masvidal*. *See Senate Staff Analysis and Economic Impact Statement for Bill SB 2016* (April 3, 1998, rev. April 22, 1998) at 6-7.

Under current § 77.06 *Fla. Stat.*, the service of a writ of garnishment creates a lien on garnished funds. That lien dates from the time of service of the writ. *In re Lastra*, 2005 Bankr. LEXIS 1619 (Bankr. S.D. Fla. 2005); *In re Giles*, 271 B.R. 903 (Bankr. M.D. Fla. 2002). Accordingly, it is clear that the Defendant here holds a lien on the garnished funds.

The singular question of law before me is whether the lien arising from the service of the writ of garnishment under Florida Statutes § 77.06 is statutory or judicial. Previously, I have held that a "garnishment lien held by the Creditor is a perfected statutory lien created under Florida law..." *In re Marineau*, 2006 Bankr. LEXIS 1212 (Bankr. S.D. Fla. 2006). After careful consideration of the arguments proffered by counsel, an extensive review of applicable law, and a thorough examination of that previous opinion, I conclude that my holding of two years ago was in error. The lien created by service of a writ of garnishment is a judicial lien, and, accordingly, may be avoided under the provisions of 11 U.S.C. § 547(b).[1]

---

[1] The Bankruptcy Code provides, "The trustee may not avoid under this section a transfer ... that is the fixing of a statutory lien that is not avoidable under section 545 of this title." 11 U.S.C. §547(c).

"Judicial lien" is statutorily defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). "Statutory lien," conversely, is defined as a "lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, ***but does not include security interest or judicial lien,*** whether or not such interest or lien is provided by or is dependant on a statute and whether or not such interest or lien is made fully effective by statute." 11 U.S.C. § 101(53) [emphasis added]. Operative to the latter definition is the specific notation that a judicial lien is not a statutory lien merely because it originates in a statutory provision.

Complicating this analysis is the fact that Florida – the state in which the lien was obtained – does not appear to recognize any distinction between a "statutory lien" and a "judicial lien." The Supreme Court of Florida has observed, "A judgment lien is nothing more than a statutory lien. The lien of the judgment exists by virtue of the statute. The right to an execution is the right to an enforcement of the judgment lien." *Massey v. Pineapple Orange Co.*, 87 Fla. 374 (Fla. 1924).

The United States Court of Appeals for the Eleventh Circuit has attempted to bring some clarity to this chicken/egg dilemma, noting, "Although such liens may be recognized ultimately by a judgment or other process, liens that arise by operation of law need no judicial action to establish a creditor's interest. ... Therefore, such liens generally may not be avoided as judicial liens pursuant to § 522(f)(1)." *In re Washington*, 242 F.3d 1320, 1324 (11th Cir. 2001). The United States Bankruptcy Court for the District of Montana has similarly held, opining, "Like a mechanic's lien, an attorney's lien arises out of the statute, which creates the lien, and even the enforcement of the lien by judgment does not change the character of the statutory lien." *In re O'Connell*, 167 B.R. 928, 931 (Bankr. D. Mont. 1994).

However, in *In re Hines*, it was determined that "Defendant, by reducing the old unsecured debt to a state court judgment, had a judicial lien under the definition of judicial lien contemplated by *11 U.S.C. 101(27)*.[2] Since the definition of statutory lien and judicial lien are mutually exclusive, Defendant's state court judgment cannot also be a statutory lien." *In re Hines*, 3 B.R. 370, 372 (Bankr. D. S.D. 1980).

Judge Paskay has observed, "[I]t is clear from a plain reading of *Section 101(36)* that a lien does not have to be based on 'judgment' to qualify as a 'judicial lien' within the meaning of the statute. The definition is written in the disjunctive. Consequently, by definition, a judicial lien may arise by judgment, by lien, by sequestration, or by other legal or equitable process or proceeding." *In re Adell*, 321 B.R. 573, 580 (Bankr. M.D. Fla. 2005). In the same opinion, Judge Paskay looks to *In re Schick*, where it was held that "where liens do not arise automatically and solely by force of statute, but rather are obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding, such liens are deemed judicial liens." *In re Schick*, 308 B.R. 189, 192 (Bankr. D. N.J. 2004).

I conclude that the distinction between a statutory lien and a judicial lien within the meaning of the Bankruptcy Code[3] is that suggested (albeit perhaps not perfectly articulated) by the Eleventh Circuit in *Washington, supra:* if a lien comes into being before the intervention of judicial action, then it is a statutory lien for purposes of the Bankruptcy Code. Clearly in this category are such liens created under Florida law as those for real property taxes (created under *Fla. Stat.* § 197.122) and

---

[2] Prior to congressional amendment of the Bankruptcy Code, this provision contained the codified definition of a judicial lien.

[3] As noted above, Florida law does not appear to recognize this distinction.

for mechanic's liens (arising under *Fla. Stat. Ch.* 713). Statutory liens must generally be enforced through judicial action, but they arise and are perfected prior to the commencement of any judicial process. By contrast, "judicial liens" under the Bankruptcy Code are those as to which the lien itself is created as a result of judicial process. Thus, in Florida, a judgment lien becomes a lien upon real property following the recording of a certified copy of the judgment in the public records of the county in which the real property is located pursuant to *Fla. Stat.* § 55.10, and becomes a lien upon personal property upon the filing of a judgment lien certificate with the Florida Department of State pursuant to *Fla. Stat.* §§ 55.201 through 55.203. Plainly, the lien created by service of the writ of garnishment at issue here derived from a judgment.

Another distinction between statutory liens and judicial liens is that the former attach to specific property from their very inception. Thus, a lien for real property taxes attaches to the real property which is being taxed; an attorney's charging lien attaches to the proceeds of a particular lawsuit; a mechanic's lien attaches to the property to which goods or services were provided. By contrast, a judicial lien only attaches to property after entry of judgment and the recording, filing, or service of additional documents, including the service of the writ of garnishment here.

It is that moment of encumbrance which serves to most clearly differentiate the property-specific world of statutory liens from the inchoate universe of judicial liens. While judicial action is generally necessary to enforce a statutory lien, the judicial action required in such cases merely calls into question the validity and enforceability of a pre-existing lien, and the judicial action involved does not in any sense create the lien. With a statutory lien, the precise object – whether real or personal – against which the lien attaches is not a matter of judicial determination, but rather an understood constant surrounded by various variables at the time judicial action is invited.

By contrast, a judicial lien may be most precisely understood to be that variety of a lien where the specific asset to be encumbered is not necessarily[4] identified prior to judicial determination and action. When a creditor seeks to collect on property of a debtor, but has merely a claim against the debtor – not against a specific asset – the creation of such a lien, coupled with its fixing against a finite property, constitutes a judicial lien. Indeed, the test for determining whether or not a lien is judicial is rather simple: at the time of a creditor's initial petition for redress, has the lien formally affixed to an identifiable property or property interest? If so, the lien shall be deemed statutory. If not, the lien subsequently enforced is a judicial lien.

Accordingly, the lien created by the service of the writ of garnishment at issue here is a judicial lien, to the necessary exclusion of a statutory lien. The garnishment lien may therefore be avoided as a preference under 11 U.S.C. § 547.

For the reasons stated above, it is hereby **ORDERED**:

1. The Plaintiff's Motion for Summary Judgment [DE 7] is **GRANTED**.

2. The garnishment lien on funds owned by the Debtor and held by SunTrust Bank or in the Debtor's attorney's trust account is hereby **AVOIDED.**

3. SunTrust Bank, N.A., is hereby **DIRECTED** to release $245,000 plus all accrued interest to the Debtor from those funds frozen pursuant to this Court's Order Partially Granting Motion for Turnover [D.E. 10] (the "Freeze Order") entered in the Debtor's main bankruptcy case on May 1, 2008 [DE 14].

---

[4]One could imagine circumstances, such as an action to assert and enforce a constructive trust or an equitable lien, in which the property at issue is identified prior to the commencement of judicial proceedings. These sorts of actions are quite separate from the "statutory" versus "judicial" lien analysis at issue here.

      4.      David W. Langley, Esquire, the Debtor's attorney, is hereby **DIRECTED** to release to the Debtor the balance of all funds currently held by him pursuant to the Freeze Order.

      5.      A separate final judgment will be entered pursuant to Fed.R.Bankr.P. 7054.

###

Copies to:

David W. Langley, Esq.
8181 W. Broward Blvd., #204
Plantation, FL 33324

David W. Black, Esq.
705 SW 6 Ct.
Plantation, FL 33324

Mr. Langley is directed to serve copies on all other interested parties.